UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| CIENA CAPITAL LLC f/k/a BUSINESS LOAN EXPRESS, LLC, et al., | Case No. 08-13783 (AJG) |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AND ORDER REGARDING WITHDRAWAL OF
CLAIM NO. 188 FILED BY DARA PETROLEUM, INC. WITH PREJUDICE**

**WHEREAS**, on or about September 30, 2008 (the "Petition Date"), Ciena Capital LLC f/k/a Business Loan Express, LLC ("Ciena" or the "Debtor"), and all of the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

**WHEREAS**, prior to the Petition Date, Dara Petroleum, Inc. d/b/a Watt Avenue Exxon ("Dara Petroleum") obtained a small business loan from Ciena;

**WHEREAS**, on December 10, 2008, the Bankruptcy Court entered an order (the "Bar Date Order") [Docket No. 267] establishing bar dates for the filing of proofs of claim and approving the form and manner of notice thereof. The Bar Date Order established January 21, 2009 at 5:00 p.m. as the general bar date for non-governmental entities to file proofs of claim against the Debtors for claims that arose prior to the Petition Date (the "Bar Date");

**WHEREAS**, on January 15, 2009, Dara Petroleum timely filed a proof of claim against the Debtor's bankruptcy estate related to the small business loan (the "Dara Petroleum Claim");

---

[1] The other Debtors are the following: Ciena Capital Funding LLC f/k/a BLX Capital, LLC; BLX Commercial Capital, LLC; Business Loan Center, LLC; BLX Holdings Corp.; BLX Capital Real Estate, LLC; BLX Commercial Capital Real Estate, LLC; BLC Real Estate, LLC; BLX Capital Real Estate (Berlin), LLC; BLC Real Estate (UPC Petroleum), LLC; and BLC Real Estate (Texas), LLC.

**WHEREAS**, the Dara Petroleum Claim asserts a secured claim in the amount of $500,000;

**WHEREAS**, by an omnibus claim objection (the "Third Omnibus Claims Objection") [Docket No. 633] dated June 10, 2009, the Debtors objected to the Dara Petroleum Claim on the grounds that it is an unliquidated claim and should be liquidated in the amount of zero dollars;

**WHEREAS**, on July 10, 2009, Dara Petroleum filed an Opposition [Docket No. 706] to the Third Omnibus Claims Objection;

**WHEREAS**, the Debtor and Dara Petroleum participated in discovery and good faith settlement negotiations;

**WHEREAS**, the Debtor and Dara Petroleum have agreed to resolve the Dara Petroleum Claim and the Third Omnibus Claims Objection in accordance with and subject to the terms of this Stipulation.

**NOW, THEREFORE, IT IS STIPULATED, CONSENTED TO AND AGREED**, by and between the Parties and their counsel each of who represent and warrant they possess the requisite authority to bind the respective parties hereto as follows:

1. The Dara Petroleum Claim shall be deemed withdrawn with prejudice against the Debtors and their bankruptcy estates.

2. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto, and their respective executors, heirs, successors and assigns.

3. Notwithstanding the withdrawal of the Dara Petroleum Claim herein, Dara Petroleum shall be permitted to raise any: (1) cross-claims against non-debtor third parties, (2) affirmative defenses, such as setoff for allegedly overpaid interest and attorneys' fees, and (3) non-monetary counterclaims seeking *inter alia*, legal and/or equitable relief against the Debtor,

solely in the pending federal court action in California (the "California Litigation")[2] wherein, *inter alia*, the Debtor and Dara Petroleum are parties.

4. Pursuant to 11 U.S.C. § 362(d), the automatic stay is modified for cause for the limited purpose of allowing the Defendants in the California Litigation and Dara Petroleum to assert any affirmative defenses, such as setoff for allegedly overpaid interest and attorneys' fees, cross-claims against non-debtor third parties, and non-monetary counterclaims seeking, *inter alia*, legal and/or equitable relief against the Debtor.

5. This order is without prejudice to all rights and defenses held by the Debtor to oppose any affirmative defenses and non-monetary counterclaims seeking legal and/or equitable relief filed by Dara Petroleum or any Defendant in the California Litigation.

6. Each of the Parties agrees to submit to the exclusive jurisdiction of the Bankruptcy Court solely for any action to enforce or interpret this Stipulation. The Bankruptcy Court shall have exclusive jurisdiction to solely adjudicate matters arising under or in connection with the interpretation of or enforcement of this Stipulation. Each Party hereto agrees to submit to such jurisdiction and waive any defenses based on the location or jurisdiction of the Bankruptcy Court, solely with respect to this Stipulation.

7. This Stipulation shall be construed and interpreted in accordance with the laws of the State of New York, without regard to the choice of law principles of the State of New York which could otherwise require the application of the law of another jurisdiction. If a court resolves any dispute arising under this Stipulation, for purposes of construing this Stipulation, none of the Parties hereto shall be deemed to have been the drafter of the Stipulation.

---

[2] The California Litigation is limited to the following action: BLX Capital, LLC v. Dara Petroleum, Inc. d/b/a Watt Avenue Exxon *et al.*, Case No. 2:09-cv-02356-WBS-EFB, pending before the United States District Court for the Eastern District of California.

8. The provisions contained in this Stipulation constitute the entire agreement among the Parties with regard to the subject matter of this Stipulation, and all prior understandings or agreements, if any, are merged into this Stipulation. This Stipulation may not be amended except by written instrument signed by the Parties.

9. Facsimile copies of the signatures on this Stipulation are acceptable, and a facsimile copy of a signature on this Stipulation is deemed an original.

10. This Stipulation may be executed in counterparts, each of which is deemed an original, but when taken together constitute one and the same document.

11. Donlin, Recano & Company, Inc., as the Debtor's official noticing and claims agent, is hereby directed to expunge the Dara Petroleum Claim from the official claims register.

**IN WITNESS WHEREOF**, the Parties have executed this Stipulation by their duly authorized counsel as of the date set forth below.

Dated: October 20, 2009
      Miami, Florida

**HUNTON & WILLIAMS LLP**
*Attorneys for the Debtors*

By: */s/ Andrew Kamensky*
    Andrew Kamensky, Esq.
    Mellon Financial Center
    1111 Brickell Ave., Suite 2500
    Miami, Florida 33131
    Telephone: (305) 810-2500
    Facsimile: (305) 810-1607

Dated: October 20, 2009
      New York, New York

**WELTMAN & MOSKOWITZ LLP**
*Attorneys for Dara Petroleum, Inc.*

By: */s/ Michele K. Jaspan*
    Michele K. Jaspan, Esq.
    270 Madison Avenue
    New York, New York 10016
    Telephone: (212) 684-7800;
    Facsimile: (212) 684-7995

IT IS SO ORDERED this ____ day of _____, 2009.

                                          THE HONORABLE ARTHUR J. GONZALEZ
                                          UNITED STATES BANKRUPTCY JUDGE