IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re:                                          : Chapter 11
                                                :
CIENA CAPITAL LLC F/K/A BUSINESS                :
LOAN EXPRESS, LLC et al                         : Case No: 08-13783
                                                : Jointly Administered
                    Debtors                     :
---------------------------------------------------------------X

### DECLARATION OF MAILING NOTIFYING TRANSFEROR(S) AND TRANSFEREE(S) REGARDING DEFECTIVE NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e) (1) and/or (e) (2)

STATE OF   NEW YORK        )
                           )  SS:
COUNTY OF  NEW YORK        )

I, Tina Carr declare:

1. I am over the age of 18 years and not a party to the within action.

2. I am employed by Donlin, Recano and Company, Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016.

3. On the 27th day of July, 2010, I received a copy of a Notice of Transfer for Docket No. #1522 and #1528 as printed from the docket maintained by the court for the captioned debtors.

4. On the 27th day of July, 2010, I sent a copy of the Defective Notice of Transfer of claim pursuant to FRBP 3001 (e) (1) and/or (e) (2) to the Transferor and Transferee via first class mail, postage prepaid and by depositing same in a mail box maintained by the U.S. Postal Service.

5. I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of July, 2010 at New York, New York.

By _____
   Tina Carr

Sworn before me this
27th day of July, 2010

_____
Notary Public

SUNG JAE KIM
NOTARY PUBLIC STATE OF NEW YORK
QUEENS COUNTY
LIC. #01KI6211176
COMM. EXP. September 14, 2013

RETURN TO THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

DATE: July 27, 2010

TO: Mr. Mark Diamond, Operations Manager
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

FROM: Lillian Jordan, Supervisor
Claims Processing Department
Donlin, Recano & Company, Inc.
419 Park Avenue South
Suite 1206
New York, NY 10016

RE: DEBTOR: **CIENA CAPITAL LLC, et al**
CASE NO. **08-13783**

NOTICE OF DEFECTIVE TRANSFER:

DOCKET #1522            DATE 7/23/10

TRANSFEROR:   BETTER HOTELS LTD.

The Notice of Transfer as presented is defective for the reason(s) below:

**INCORRECT DEBTOR INDICATED – SCHEDULED LIABILITY AGAINST DIFFERENT DEBTOR**

If you should have any questions, please contact me at (212) 481-1411.

Thank you.


Claims Processing Dept

Attachment(s)

United States Bankruptcy Court
For the Southern District Of New York

| Business Loan Center, LLC | } Chapter 11 |
| | } |
| | } Case No. |
| | } 08-13785 |
| Debtor | } Amount $1,598.61 |

#1522
7-23 10

**Notice to transfer of Claim pursuant to rule 3001 (e) (1)**
**To: Transferor:**

**Better Hotels Ltd**
**1625 Texas Highway 351**
**Abilene, TX 79601**

The transfer of your claim as shown above in the amount of **$1,598.61** has been transferred to:

    Liquidity Solutions Inc
    One University Plaza
    Suite 312
    Hackensack, NJ 07601

DONLIN, RECANO & CO.
JUL 27 2010
CLAIMS PROCESSING DEPT

No action is required if you do not object to the transfer of your Claim.

By/s/Eric Horn
Liquidity Solutions Inc
(201) 968-0001

3154385

## ASSIGNMENT OF CLAIM

Better Hotels Ltd, having offices at 1625 Texas Highway 351, Abilene, TX 79601 ("Assignor") in consideration of the sum of _____ ("Purchase Price"), does hereby transfer to Liquidity Solutions, Inc. ("Assignee"), having offices at One University Plaza, Suite 312, Hackensack, NJ 07601, all of the Assignor's right, title and interest in, to and under the claim or claims of Assignor, as more specifically set forth below (the "Claim"), against **Business Loan Center, LLC**, Debtor or Debtors in the bankruptcy case (the "Debtor") pending in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. **08-13785** (the "Proceedings") in the currently outstanding amount of not less than **$1,598.61** (the "Purchased Amount"), and all rights and benefits of the Assignor relating to the Claim, including without limitation the Proof of Claim identified below (if any) and the Assignor's rights to receive payment of principal, and any interest, penalties and fees, which may be paid with respect to or in satisfaction of the Claim, all cash, securities, instruments and other property which may be paid or issued by Debtor or any other party with respect to or in satisfaction of the Claim, and all voting rights with respect to any of the foregoing. The Claim includes the foregoing rights and benefits, "cure" amounts within the meaning of section 365 of title 11 of the United States Code (the "Bankruptcy Code") and the right to receive all payments in respect thereof. The Claim is based on amounts, not less than the Purchased Amount, owed to Assignor by Debtor for services rendered and/or goods delivered by Assignor to Debtor. This Assignment of Claim (this "Assignment") shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest except as may be otherwise provided herein. Assignee is assuming no liabilities or obligations of the Assignor under this Assignment.

Assignor represents and warrants that [check one of the following]:
[ ] A Proof of Claim has not been filed in respect of the Claim.
[ ] A Proof of Claim in the amount of $_____ has been duly and timely filed in the Proceedings, and a true copy of such Proof of Claim is attached to this Assignment. If the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court.

Assignor further represents and warrants that the Claim is a valid and allowed claim in the Proceedings in an amount not less than the Purchased Amount which will be treated no less favorably than general unsecured claims in the Proceedings, and the Claim is not subject to any defense, counterclaim, offset, setoff, dispute or objection. Assignor further represents and warrants that no payment has been received by Assignor, or by any third party claiming through Assignor, in full or partial satisfaction of the Claim, that Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, that Assignor solely owns and has good title to the Claim free and clear of any and all liens, claims, security interests or encumbrances of any kind or nature whatsoever, and that there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce or subordinate the amount of the Claim or to otherwise impair its value. Assignor represents that it is solvent and has no other relationship to the Debtor or any of its affiliates or principals other than as a creditor of the Debtor. Assignor is not an insider of the Debtor within the meaning of section 101(31) of the Bankruptcy Code and is not, and has not been, a member of any committee appointed in the Proceedings. All terms of this Assignment will be kept confidential.

Assignor is aware that the Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization or liquidation. Assignor acknowledges that, except as set forth in this Assignment, neither Assignee nor any agent or representative of Assignee has made any representation whatsoever to Assignor regarding the status of the Proceedings, the condition of the Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim.

Assignor represents that it has adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on Assignee, and based on such information as Assignor has deemed appropriate (including information available from the files of the Court of the Proceedings), made its own analysis and decision to enter into this Assignment of Claim. Assignor and Assignee each hereby acknowledge to the other that (i) it currently has, or may in the future have, information with respect to the Claim, the Debtor or any of its affiliates and/or the Proceedings that is not known to the other party and that may be material to a decision to sell or purchase the Claim (as applicable) ("Excluded Information"), (ii) it has determined to sell or purchase the Claim (as applicable) notwithstanding its lack of knowledge of the Excluded Information and (iii) neither Assignor nor Assignee shall have any liability to the other or any other party whatsoever with respect to the nondisclosure of the Excluded Information in connection with the transactions contemplated hereby.

In the event that (i) the Claim is disallowed, reduced, subordinated, offset, setoff, objected to, treated differently in the Proceedings than general unsecured claims against the Debtor, or otherwise impaired, for any reason whatsoever, in whole or in part or (ii) any action or proceeding is commenced that could result in any of the foregoing or otherwise affect all or part of the Claim in any way, and such action or proceeding is not resolved within ninety (90) days of its commencement (each circumstance in subsections (i) and (ii), an "Impairment"), Assignor agrees, upon demand of Assignee, to make to Assignee immediate proportional restitution and repayment of the Purchase Price together with interest at the rate of ten percent (10%) per annum on the amount repaid for the period from the date of payment of the Purchase Price by Assignee through the date such repayment is made. Assignor further agrees to reimburse Assignee for all losses, costs and expenses, including reasonable legal fees and costs, incurred by Assignee as a result of such Impairment or any objection to the transfer of the Claim by Assignor. IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED THIS CLAIM TO ANY THIRD PARTY, OTHERWISE LACKS SOLE TITLE THERETO, OR IN THE FUTURE PURPORTS TO ASSIGN OR PLEDGE THE CLAIM TO A THIRD PARTY, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREUNDER.

In the event the Claim is ultimately allowed in amount greater than the Purchased Amount, at Assignee's sole option and after written notice (the "Notice") provided to Assignor by Assignee, Assignor shall, and is hereby deemed to, sell to Assignee, and Assignee hereby purchases, all, or any portion specified in the Notice, of such excess claim at the same price (expressed as a percentage of claim) provided for hereunder. Assignee shall remit such payment to Assignor after delivery to Assignor of the Notice and upon Assignee's satisfaction that the Claim has been allowed in the higher amount and is not subject to any Impairment.

Assignor hereby irrevocably appoints Assignee as its true and lawful agent and attorney-in-fact, solely with respect to the Claim, with the full power and authority to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim and to exercise all elections, voting rights and all other rights and remedies with respect thereto. Assignor further grants unto Assignee full authority to do all things necessary to enforce the Claim and its rights thereunder pursuant to this Assignment. Assignor agrees that the powers granted by this paragraph are coupled with an interest, and are therefore irrevocable, and are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further actions, at its own expense, as requested by Assignee as necessary or desirable to effect the transfer of the Claim to Assignee (or its designees) and any payments or distributions on account of the Claim including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein, to vote the Claim assigned herein and to take such action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of the Assignee to which the Assignee has an absolute right, and that (if received by Assignor) Assignor will hold such property in trust for the benefit of Assignee and will, at its own expense, promptly deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment shall be binding upon, and shall inure to the benefit of, Assignor, Assignee and their respective successors and permitted assigns.

3154385

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in, to and under this Assignment, or any portion thereof or interest therein, without notice to or the consent of Assignor. Assignor may not assign any of its right, title and interest in, to and under this Assignment, or any portion thereof or interest therein, without the prior written consent of Assignee, which the Assignee may grant or withhold in its discretion. All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment. This Assignment may be executed in multiple counterparts, and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment shall be governed by and construed in accordance with the laws of the State of New York without regard to conflicts. Any action arising under or relating to this Assignment must be brought in the United States District Court for the Southern District of New York (located in the Borough of Manhattan in the City of New York) or the United States District Court for the District of New Jersey (located in the City of Newark) or, if federal court jurisdiction is lacking, in the Supreme Court of the State of New York (New York County) or New Jersey Superior Court. Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment, and in any action hereunder, **ASSIGNOR WAIVES ANY RIGHT TO DEMAND A TRIAL BY JURY ON ANY THEORY, INCLUDING WITHOUT LIMITATION CONTRACT AND TORT.**

## CONSENT AND WAIVER

Upon Assignor's delivery to Assignee of its executed signature page to this Assignment, Assignor hereby authorizes Assignee to file a notice of transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure ("FRBP") with respect to the Claim while Assignee performs its due diligence on the Claim. Assignee, in its sole and absolute discretion, may subsequently transfer the Claim back to the Assignor if the due diligence results are not satisfactory, in Assignee's sole and absolute discretion, by filing a notice pursuant Rule 3001(e) of FRBP transferring the Claim back to Assignor or withdrawing the transfer, and automatically at such time and in such event, each of Assignor and Assignee hereby release the other from all and any obligation or liability regarding this Assignment; provided, however, that upon such re-transfer or withdrawal of transfer of the Claim, Assignor shall be obligated promptly to return to Assignee any payment made in respect of the Purchase Price. Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment and hereby waives (i) its right to raise any objection hereto, and (ii) its right to receive notice pursuant to Rule 3001(e) of the FRBP.

IN WITNESS WHEREOF, the undersigned Assignor hereto sets his hand this _____ day of _____, 2010

Better Hotels Ltd
By: _____ Larry Whitten Paultner
      Signature                Print Name/Title

925-439-1728
Telephone #                    Email Address _____

IN WITNESS WHEREOF, the undersigned Assignee hereto sets his hand this _____ day of _____, 2010

Eric Herr
Liquidity Solutions, Inc.

# RETURN TO THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

DATE: July 27, 2010

TO: Mr. Mark Diamond, Operations Manager
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

FROM: Lillian Jordan, Supervisor
Claims Processing Department
Donlin, Recano & Company, Inc.
419 Park Avenue South
Suite 1206
New York, NY 10016

RE: DEBTOR: **CIENA CAPITAL LLC, et al**
CASE NO. **08-13783**

**NOTICE OF DEFECTIVE TRANSFER:**

DOCKET #1528          DATE 7/26/10

TRANSFEROR:   WINSTON & STRAWN, LLP

**The Notice of Transfer as presented is defective for the reason(s) below:**

**INCORRECT DEBTOR INDICATED - CLAIM FILED AGAINST DIFFERENT DEBTOR**

If you should have any questions, please contact me at (212) 481-1411.

Thank you.


Claims Processing Dept

Attachment(s)

B 210A (Form 210A) (12/09)

#1528
7-26-10

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: **BUSINESS LOAN CENTER LLC,**   Case No. **08-13783**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **LIQUIDITY SOLUTIONS, INC.** | **WINSTON & STRAWN LLP** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**LIQUIDITY SOLUTIONS, INC
ONE UNIVERSITY PLAZA, SUITE 312
HACKENSACK, NJ 07601**

Phone: **(201) 968-0001**
Last Four Digits of Acct #: _____

Court Claim # (if known): 48
Amount of Claim: **$62,085.88**
Date Claim Filed: 12/09/2008

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

**DONLIN, RECANO & CO.**

**JUL 27 2010**

Phone: _____
Last Four Digits of Acct #: _____

**CLAIMS PROCESSING DEPT**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/Eric Horn            Date: 7/26/2010
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

497693

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re: **BUSINESS LOAN CENTER LLC,**      Case No. **08-13783**

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **48** (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on **7/26/2010.**

| | |
|---|---|
| **LIQUIDITY SOLUTIONS, INC.**<br>Name of Alleged Transferee | **WINSTON & STRAWN LLP**<br>Name of Transferor |
| Address of Alleged Transferee:<br>**One University Plaza, Suite 312**<br>**Hackensack, NJ 07601** | Address of Transferor:<br>**WINSTON & STRAWN LLP**<br>**101 CALIFORNIA STEET**<br>**SAN FRANCISCO, CA 94111** |

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

                                                **CLERK OF THE COURT**

497693

## TRANSFER NOTICE

**WINSTON & STRAWN LLP** ("Assignor") transfers and assigns unto **LIQUIDITY SOLUTIONS, INC.** with an address at One University Plaza Ste 312, Hackensack, NJ 07601, its successors and assigns ("Assignee"), pursuant to the terms of the ASSIGNMENT OF CLAIM between Assignor and Assignee (the "Agreement") all of Assignor's right, title and interest in, to and under the Claims of Assignor as set forth in the Agreement against **Business Loan Center LLC** (the "Debtor"), in the aggregate amount of **$62,085.88** representing all claims of Assignor pending against Debtor in the United States Bankruptcy Court for the Southern District of New York, administered as Case No. **08-13785**.

Winston & Strawn LLP

_____
(Signature)

M. David [illegible]
Capital Partner
(Print Name and Title)

Liquidity Solutions, Inc.

_____
(Signature)

Eric Horn
(Print Name and Title)

3107819

497693