# EXHIBIT 3

## <u>RELEASE AGREEMENT</u>

## RELEASE AGREEMENT

This Release Agreement (this "Release Agreement"), made and entered into as of March 30, 2010, by and among James R. Brickman and Greenlight Capital, Inc. (together, the "Relators"); David Einhorn ("Einhorn"; together with the Relators, the "Relator Releasing Parties"), Ciena Capital, LLC and its direct and indirect subsidiaries (collectively, "Ciena"); Allied Capital Corporation ("Allied"); Robert Tannenhauser, Michael Cohen, Jennifer Goldstein, Louis Hafkin, Matthew McGee, and Joan Sweeney (the "Individual Defendants"; together with Allied and Ciena, collectively, the "Defendants"), recites and provides as follows:

## RECITALS

A. This Release Agreement is being signed contemporaneously with a Settlement Agreement (the "FCA Agreement") among the Defendants and the United States of America, acting through the United States Department of Justice and on behalf of the United States Small Business Administration (the "SBA"; collectively the "United States"). The FCA Agreement is annexed hereto as Exhibit A to this Release Agreement. Capitalized terms used herein which are not otherwise defined shall have the same meaning as those ascribed to them in the FCA Agreement.

B. Relators claim entitlement under 31 U.S.C. § 3730(d) to certain expenses, fees, and costs from Defendants related to Civil Action No. 1:04-CV-3789-TWT filed in the United States District Court for the Northern District of Georgia (the "Civil Action").

C. Defendants dispute Relators' entitlement to any expenses, fees, or costs related to the Civil Action.

D. Defendants have agreed with the United States that [handwritten: the] $1,900,000 ~~of the~~ [handwritten: payment being made by Ciena in addition to the $8.2 million] settlement consideration paid by Ciena under the FCA Agreement shall be remitted by the United States to the Relators in settlement of the Relators' claim for expenses, fees, and costs related to the Civil

Accepted on behalf of all defendants. [signature] 3/31/10

On behalf of the Relator Releasing Parties by Van Anderson w/ express permission: DE, JRB, MAK, MPK

Action, subject to and conditioned upon the releases and other obligations of the Relators hereunder.

E. This Release Agreement represents a compromise to avoid continued litigation and associated risks, and is neither an admission of liability by the Defendants, nor a concession by the Relators that their claims are not well founded. This Release Agreement may not be used as evidence of liability or responsibility in any other proceeding, except a proceeding to enforce the terms of this Release Agreement.

F. To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, the Defendants and the Relator Releasing Parties have reached a full and final settlement on the terms set forth below.

**AGREEMENT**

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein and other good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge, the Parties hereby agree as follows:

1. **Specific Release of Defendants**. Effective upon the Relators' receipt ~~of $1,000,000~~ from the United States of the $1.9million payment being made by defendants under the FCA Settlement in settlement of the Relators' claim for expenses, fees, and costs related to the Civil Action (the "Fee Settlement Payment"), the Relator Releasing Parties, for themselves and for (i) their respective heirs, successors, attorneys, directors, officers, agents, and assigns, (ii) any and all entities formerly, now, or in the future owned or controlled by any of the Relator Releasing Parties or any of their respective heirs, executors, representatives, successors, attorneys, directors, officers, agents, and assigns hereby jointly and severally, irrevocably and absolutely release, acquit, waive, and forever discharge each of the Defendants, each of the current and former officers, directors, employees, agents,

Accepted on behalf of all defendants. [signature] 3/31/10

On behalf of Relator Releasing Parties by Van Anderson w/ express permission: DE, JRB, MAK, MPK

attorneys, affiliates, owners, and shareholders of Ciena, and each of the current and former officers, directors, employees, agents, attorneys, affiliates, owners and shareholders of Allied, from any and all rights, claims, expenses, debts, liabilities, demands, obligations, costs, damages, injuries, actions and causes of action of any nature whatsoever, contingent or actual, matured or unmatured, liquidated or unliquidated, known or unknown, suspected or unsuspected, in law or equity, that were or could have been asserted in, the Civil Action or the Covered Conduct. Notwithstanding the foregoing, the Relator Releasing Parties' Specific Release does not cover any claims or liability based upon the breach of this Release Agreement.

2. **Specific Release of Relator Releasing Parties**. Effective upon the Relators' receipt of the Fee Settlement Payment, the Defendants, for themselves and for (i) their respective heirs, executors, representatives, successors, attorneys, directors, officers, agents, and assigns, (ii) any and all entities formerly, now, or in the future owned or controlled by any of the Defendants or any of their respective heirs, executors, representatives, successors, attorneys, directors, officers, agents, and assigns hereby jointly and severally, irrevocably and absolutely release, acquit, waive, and forever discharge each the Relator Releasing Parties and each of the current and former officers, directors, employees, agents, attorneys, affiliates, owners, and shareholders of Greenlight Capital, Inc., from any and all rights, claims, expenses, debts, liabilities, demands, obligations, costs, damages, injuries, actions and causes of action of any nature whatsoever, contingent or actual, matured or unmatured, liquidated or unliquidated, known or unknown, suspected or unsuspected, in law or equity, that arise out of the Civil Action or the Covered Conduct. Notwithstanding the foregoing, the Defendants' Specific Release does not cover any claims or liability based upon the breach of this Release Agreement.

3. **Ciena Chapter 11 Bankruptcy**. The Relator Releasing Parties hereby jointly

and severally agree (i) to withdraw any and all proofs of claim filed in any of Ciena's Chapter 11 bankruptcy cases following the Relator Releasing Parties' receipt of the Fee Settlement Payment and (ii) that neither they nor any entity owned or controlled by any of the Relator Releasing Parties will object to or otherwise oppose confirmation of any plan or plans of reorganization proposed by Ciena in its Chapter 11 bankruptcy cases (collectively, the "Chapter 11 Plan") or any of the disclosure statements therefor; join or support any other party in objecting to or otherwise opposing the Chapter 11 Plan or any disclosure statement therefor; join or support any other party in objecting to the confirmation of or otherwise opposing the Chapter 11 Plan; or seek any modification of the Chapter 11 Plan, so long as any such plan provides for payment of the amounts required to be paid or released by the Defendants to the United States Department of Justice under the FCA Settlement Agreement.

4.    **Defeasance Provisions**.  Notwithstanding any other provision of this agreement, in the event that either (i) Relators fail to receive the Fee Settlement Payment from the United States, (ii) the FCA Agreement is rendered *void ab initio*, or (iii) the Relators have to return any of the Fee Settlement Payment or the amounts they may receive of the FCA Settlement, this Release Agreement shall also be rendered *void ab initio*, and the Defendants and Relators shall be returned to the *status quo ante*.

5.    **Successors and Assigns; No Third Party Beneficiaries**.   This Release Agreement binds, and inures to the benefit of, only the Parties and their respective successors, transferees, heirs and assigns, and is not intended to be for the benefit of, nor is it enforceable by, any other person or entity.

6.    **Representations and Warranties by the Parties**.  Each of the Parties hereby represents and warrants, as to itself only, that:

A. In evaluating whether to execute this Release Agreement, such Party intends that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given, within the meaning of 11 U.S.C. § 547(c)(1) and concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange;

B. The mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity within the meaning of 11 U.S.C. § 548(a)(1);

C. This Release Agreement is freely and voluntarily entered into without any degree of duress or compulsion whatsoever;

D. Such Party has not made or caused to be made any assignment, purported assignment, transfer or purported transfer of any right, claim, demand, or cause of action covered by this Release Agreement;

E. Such Party has the full power and authority to execute this Release Agreement and to perform the obligations of such Party hereunder; and

F. This Release Agreement represents the binding obligation of such Party and is fully enforceable against such Party in accordance with its terms.

7. **Fees and Expenses**. Each Party shall bear its own legal and other costs incurred in connection with the Civil Action and the Bankruptcy Action, including the preparation and performance of this Release Agreement.

8. **Governing Law; Jurisdiction and Venue**. This Release Agreement shall be governed by and construed in accordance with the laws of the United States and the State of New York, notwithstanding any conflicts of laws rule or principles to the contrary. The Defendants

and Relators agree that the Bankruptcy Court and the United States District Court for the Northern District of Georgia (the "District Court") shall have concurrent jurisdiction, and that the venue for any disputes arising between and among the Relators and Defendants under this Release Agreement shall be exclusively with the District Court.

9.    **Construction**.  For purposes of construction, this Release Agreement shall be deemed to have been drafted by all Parties to this Release Agreement and in any subsequent dispute shall not, therefore, be construed against any Party as the drafter.

10.    **Amendments and Modifications**.  This Release Agreement may not be amended except by written consent of the Defendants and Relators.

11.    **Counterparts**.  This Release Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Release Agreement.

**ON BEHALF OF THE RELATOR RELEASING PARTIES**

ALSTON & BIRD LLP
Counsel for Relators

By: Michael P. Kenny
Michael L. Brown
1201 West Peachtree Street
Atlanta, GA 30309
Tel. (404) 881-7000

Date: March 30, 2010

LAW OFFICES OF MARK KLEIMAN
Counsel for Relators

By: Mark A. Kleiman
2907 Stanford Avenue
Venice, CA 90292
Tel. (301) 306-8094

Date:

James R. Brickman

By: James R. Brickman
PO Box 7600
Dallas, Texas 75209
Tel. (214) 986-3915

Date:

Greenlight Capital, Inc.

By: David Einhorn, President
140 East 45th Street, 24th Floor
New York, NY 10017
Tel. (212) 973-1900

Date: March 30, 2010

**ON BEHALF OF THE RELATOR RELEASING PARTIES**

ALSTON & BIRD LLP
Counsel for Relators

By: Michael P. Kenny
Michael L. Brown
1201 West Peachtree Street
Atlanta, GA 30309
Tel. (404) 881-7000

Date:

LAW OFFICES OF MARK KLEIMAN
Counsel for Relators

By: Mark A. Kleiman
2907 Stanford Avenue
Venice, CA 90292
Tel. (301) 306-8094

Date:

James R. Brickman

By: James R. Brickman
PO Box 7600
Dallas, Texas 75209
Tel. (214) 986-3915

Date: March 30 2010

Greenlight Capital Inc.

By: David Einhorn
140 East 45th Street, 24th Floor
New York, NY 10017
Tel. (212) 973-1900

Date:

**ON BEHALF OF THE RELATOR RELEASING PARTIES**

ALSTON & BIRD LLP
Counsel for Relators

______________________________
By: Michael P. Kenny
Michael L. Brown
1201 West Peachtree Street
Atlanta, GA 30309
Tel. (404) 881-7000

Date:______________________________

LAW OFFICES OF MARK KLEIMAN
Counsel for Relators

______________________________
By: Mark A. Kleiman
2907 Stanford Avenue
Venice, CA 90292
Tel. (301) 306-8094

Date: 3/30/10

James R. Brickman

______________________________
By: James R. Brickman
PO Box 7600
Dallas, Texas 75209
Tel. (214) 986-3915

Date:______________________________

Greenlight Capital Inc.

______________________________
By: David Einhorn
140 East 45th Street, 24th Floor
New York, NY 10017
Tel. (212) 973-1900

Date:______________________________

ALLIED CAPITAL CORPORATION

MILLER MARTIN PLLC
Counsel for Allied Capital Corporation

By: Daniel P. Griffin
1170 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Tel. (404) 962-6154

Date: March 30, 2010

DICKSTEIN SHAPIRO LLC
Counsel for Allied Capital Corporation

By: Daniel M. Litt
1825 Eye Street, N.W.
Washington, DC 20006
Tel. (202) 420-4747

Date: ______________________

Allied Capital Corporation

By: Ralph G. Blasey, III
Its: Executive Vice President, Corporate Counsel
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

Date: ______________________

ALLIED CAPITAL CORPORATION

MILLER MARTIN PLLC
Counsel for Allied Capital Corporation

By: Daniel P. Griffin
1170 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Tel. (404) 962-6154

Date: ________________________

DICKSTEIN SHAPIRO LLC
Counsel for Allied Capital Corporation

By: Daniel M. Litt
1825 Eye Street, N.W.
Washington, DC 20006
Tel. (202) 420-4747

Date: 3.31.10

Allied Capital Corporation

By: Ralph G. Blasey, III
Its: Executive Vice President, Corporate Counsel
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

Date: ________________________

ALLIED CAPITAL CORPORATION

MILLER MARTIN PLLC
Counsel for Allied Capital Corporation

By: Daniel P. Griffin
1170 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Tel. (404) 962-6154

Date: ____________________

DICKSTEIN SHAPIRO LLC
Counsel for Allied Capital Corporation

By: Daniel M. Litt
1825 Eye Street, N.W.
Washington, DC 20006
Tel. (202) 420-4747

Date: ____________________

Allied Capital Corporation

By: Ralph G. Blasey, III
Its: Executive Vice President, Corporate Counsel
1919 Pennsylvania Avenue, N.W.
Washington, DC 20006

Date: 3-30-10

CIENA CAPITAL, LLC

WILMER HALE LLP
Counsel for Ciena Capital LLC

By: Thomas F. Connell
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel. (202) 663-6881

Date: 3/30/10

HUNTON & WILLIAMS LLP
Counsel for Ciena Capital LLC

By: Peter S. Partee
200 Park Avenue, 53rd Floor
New York, NY 10166
Tel. (212) 309-1056

Date: ______________________

Ciena Capital, LLC

By: Scott Binder
Its: Chief Executive Officer

Date: ______________________

CIENA CAPITAL, LLC

WILMER HALE LLP
Counsel for Ciena Capital LLC

By: Thomas F. Connell
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel. (202) 663-6881

Date: ______________________

HUNTON & WILLIAMS LLP
Counsel for Ciena Capital LLC

By: Peter S. Partee
200 Park Avenue, 53rd Floor
New York, NY 10166
Tel. (212) 309-1056

Date: 3/30/10

Ciena Capital, LLC

By: Scott Binder
Its: Chief Executive Officer

Date: ______________________

CIENA CAPITAL, LLC

WILMER HALE LLP
Counsel for Ciena Capital LLC

By: Thomas F. Connell
1875 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel. (202) 663-6881

Date: ________________________

HUNTON & WILLIAMS LLP
Counsel for Ciena Capital LLC

By: Peter S. Partee
200 Park Avenue, 53rd Floor
New York, NY 10166
Tel. (212) 309-1056

Date: ________________________

Ciena Capital, LLC

By: Scott Binder
Its: Chief Executive Officer

Date: March 30, 2010

NAMED INDIVIDUALS

Robert Tannenhauser

By: Robert Tannenhauser
c/o The Ruxton Capital Group
50 West 72nd Street, Suite C-6
New York, NY 10023

Date: ______________________

Michael Cohen

______________________
By: Michael Cohen
5 Pewter Lane
New Providence, NJ 07974

Date: ______________________

Jennifer Goldstein

______________________
By: Jennifer Goldstein
29354 Castlehill Drive
Agoura Hills, CA 91301

Date: ______________________

Louis Hafkin

______________________
By: Louis Hafkin
45 Joyce Lane
Woodbury, NY 11797

Date: ______________________

Matthew McGee

______________________
By: Matthew McGee
101 Thomashire Court
Richmond, VA 23229

Date: ______________________

Joan Sweeney

______________________
By: Joan Sweeney
10801 Tradewind Drive
Oakton, VA 22124

Date: ______________________

NAMED INDIVIDUALS

Robert Tannenhauser

______________________________

By: Robert Tannenhauser
c/o The Ruxton Capital Group
50 West 72nd Street, Suite C-6
New York, NY 10023

Date: ______________________

Michael Cohen

______________________________

By: Michael Cohen
5 Pewter Lane
New Providence, NJ 07974

Date: ______________________

Jennifer Goldstein

______________________________

By: Jennifer Goldstein
29354 Castlehill Drive
Agoura Hills, CA 91301

Date: 3/30/10

Louis Hafkin

______________________________

By: Louis Hafkin
45 Joyce Lane
Woodbury, NY 11797

Date: ______________________

Matthew McGee

______________________________

By: Matthew McGee
101 Thomashire Court
Richmond, VA 23229

Date: ______________________

Joan Sweeney

______________________________

By: Joan Sweeney
10801 Tradewind Drive
Oakton, VA 22124

Date: ______________________

NAMED INDIVIDUALS

Robert Tannenhauser

____________________________

By: Robert Tannenhauser
c/o The Ruxton Capital Group
50 West 72nd Street, Suite C-6
New York, NY 10023

Date: ________________________

Michael Cohen

____________________________

By: Michael Cohen
5 Pewter Lane
New Providence, NJ 07974

Date: ________________________

Jennifer Goldstein

____________________________

By: Jennifer Goldstein
29354 Castlehill Drive
Agoura Hills, CA 91301

Date: ________________________

Louis Hafkin

____________________________

By: Louis Hafkin
45 Joyce Lane
Woodbury, NY 11797

Date: ________________________

Matthew McGee

[signature]

By: Matthew McGee
101 Thomashire Court
Richmond, VA 23229

Date: 3-30-10

Joan Sweeney

____________________________

By: Joan Sweeney
10801 Tradewind Drive
Oakton, VA 22124

Date: ________________________

NAMED INDIVIDUALS

Robert Tannenhauser

By: Robert Tannenhauser
c/o The Ruxton Capital Group
50 West 72nd Street, Suite C-6
New York, NY 10023

Date: ______________________

Michael Cohen

[signature]

By: Michael Cohen
5 Pewter Lane
New Providence, NJ 07974

Date: 3/31/10

Jennifer Goldstein

By: Jennifer Goldstein
29354 Castlehill Drive
Agoura Hills, CA 91301

Date: ______________________

Louis Hafkin

By: Louis Hafkin
45 Joyce Lane
Woodbury, NY 11797

Date: ______________________

Matthew McGee

By: Matthew McGee
101 Thomashire Court
Richmond, VA 23229

Date: ______________________

Joan Sweeney

By: Joan Sweeney
10801 Tradewind Drive
Oakton, VA 22124

Date: ______________________

NAMED INDIVIDUALS

Robert Tannenhauser

By: Robert Tannenhauser
c/o The Ruxton Capital Group
50 West 72nd Street, Suite C-6
New York, NY 10023

Date: ____________________

Michael Cohen

By: Michael Cohen
5 Pewter Lane
New Providence, NJ 07974

Date: ____________________

Jennifer Goldstein

By: Jennifer Goldstein
29354 Castlehill Drive
Agoura Hills, CA 91301

Date: ____________________

Louis Hafkin

[signature]

By: Louis Hafkin
45 Joyce Lane
Woodbury, NY 11797

Date: 3/31/10

Matthew McGee

By: Matthew McGee
101 Thomashire Court
Richmond, VA 23229

Date: ____________________

Joan Sweeney

By: Joan Sweeney
10801 Tradewind Drive
Oakton, VA 22124

Date: ____________________

## NAMED INDIVIDUALS

Robert Tannenhauser

______________________________
By: Robert Tannenhauser
c/o The Ruxton Capital Group
50 West 72nd Street, Suite C-6
New York, NY 10023

Date: ______________________

Michael Cohen

______________________________
By: Michael Cohen
5 Pewter Lane
New Providence, NJ 07974

Date: ______________________

Jennifer Goldstein

______________________________
By: Jennifer Goldstein
29354 Castlehill Drive
Agoura Hills, CA 91301

Date: ______________________

Louis Hafkin

______________________________
By: Louis Hafkin
45 Joyce Lane
Woodbury, NY 11797

Date: ______________________

Matthew McGee

______________________________
By: Matthew McGee
101 Thomashire Court
Richmond, VA 23229

Date: ______________________

Joan Sweeney

Joan Sweeney
By: Joan Sweeney
~~10801 Tradewind Drive~~ c/o Allied Capital
~~Oakton, VA 22124~~ 1919 Pennsylvania ave. Washington, D.C. 20006

Date: 3/31/10