## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:                                              :     Chapter 11
                                                    :
**CIENA CAPITAL LLC F/K/A BUSINESS**                :     Case No: 08-13783 (AJG)
**LOAN EXPRESS, LLC et al**                         :     Jointly Administered
                                                    :
                  **Debtors**                       :
------------------------------------------------------------X

### DECLARATION OF MAILING NOTIFYING TRANSFEROR(S) AND TRANSFEREE(S) REGARDING NOTICE OF TRANSFER OF CLAIM PURSUANT TO FRBP RULE 3001 (e) (1) and/or (e) (2)

STATE OF  <u>NEW YORK</u>      )
                              )   SS:
COUNTY OF <u>NEW YORK</u>     )

I, <u>Tina Carr</u> declare:

1. I am over the age of 18 years and not a party to the within action.

2. I am employed by Donlin, Recano and Company, Inc., 419 Park Avenue South, Suite 1206, New York, NY 10016.

3. On the <u>10th</u> day of August, 2010, I received a copy of the Notice of Transfer for the noted Docket No. #1559, 1563 and 1564 docket maintained by the court for the captioned debtors:

4. On the <u>10th</u> day of August, 2010, I sent a copy of the Notice of Transfer of claim pursuant to FRBP 3001 (e) (1) or (e) (2) to the Transferor and Transferee via first class mail, postage prepaid and by depositing same in a mail box maintained by the U.S. Postal Service.

5. I declare under penalty of perjury that the foregoing is true and correct. Executed this <u>10th</u> day of August, 2010 at New York, New York.

By _____
     Tina Carr

Sworn before me this
<u>10th</u> day of <u>August</u> 2010

_____
Notary Public

ROBERT ROTMAN
NOTARY PUBLIC STATE OF NEW YORK
NEW YORK COUNTY
LIC. #02RO6211735
COMM. EXP. September 7, 2013

Form 210B (12/09)

# United States Bankruptcy Court

___SOUTHERN___ District of __NEW YORK__

In re CIENA CAPITAL, LLC     Case No. 08-13783

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. ___435___ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 8-3-10 (date).

NEXSEN PRUET, PLLC
Name of Alleged Transferor

ARGO PARTNERS
Name of Transferee

Address of Alleged Transferor:
P.O. BOX 3463
GREENSBORO, NC 27402

Address of Transferee:
12 WEST 37TH STREET, 9TH FL
NEW YORK, NY 10018

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within **twenty-one (21)** days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: 8-10-10

Donlin, Recano & Company, Inc.
as Agent for the
United States Bankruptcy Court-SDNY

CLERK OF THE COURT

#1559
8-3-10

# United States Bankruptcy Court

Southern District of New York
In re: **Ciena Capital LLC**, Case No. 08-13783

Court ID (Court use only) _____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| Name of Transferee<br>**Argo Partners** | Name of Transferor<br>**Nexsen Pruet, PLLC** |
| Name and Address where notices and payments to transferee should be sent<br>**Argo Partners**<br>**12 West 37th Street, 9th Floor**<br>**New York, NY 10018**<br>Phone:<br>**(212) 643-5446** | Court Record Address of Transferor<br>(Court Use Only)<br><br>Last Four Digits of Acct. #: _____<br><br>Name and Current Address of Transfer<br>**Nexsen Pruet, PLLC**<br>**PO Box 3463**<br>**Greensboro, NC 27402**<br>Phone:<br>**(336) 373-1600**<br><br>Court Claim # (if known): 435<br><br>Amt. $30,369.76 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Matthew V. Binstock                      Date: 8/3/2010
Transferee/Transferee's Agent
*Penalty for making a false statement* Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 & 3571

---
**~~DEADLINE TO OBJECT TO TRANSFER~~**

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

---

Date: _____          **DONLIN, RECANO & CO.**          _____
                                                                                            CLERK OF THE COURT

AUG 10 2010

**CLAIMS PROCESSING DEPT**

# ASSIGNMENT OF CLAIM 435

**Nexsen Pruet, PLLC** having a mailing address at **PO Box 3463, Greensboro, NC 27402** ("Assignor"), in consideration of the sum of $ (the "Purchase Price"), does hereby transfer to Argo Partners, which includes Argo Partners II LLC and Argo Partners Fund III LLC, having an address at 12 West 37th Street, 9th Fl. New York, NY 10018 ("Assignee") all of Assignor's right, title and interest in and to the claim or claims of Assignor, as more specifically set forth (the "Claim") against Ciena Capital LLC fka Business Loan Express Case No. 08-13783 ("Debtor"), in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York, (the "Court"), jointly administered under Ciena Capital LLC, Case No. 08-13783 in the currently outstanding amount of not less than **$27,888.00** and all rights and benefits of Assignor relating to the Claim, including without limitation the Proof of Claim identified below and Assignor's rights to receive all interest, penalties and fees, if any, which may be paid with respect to the Claim and all other claims, causes of action against the Debtor, its affiliates, any guarantor or other third party and all cash, securities, instruments and other property which may be paid or issued by Debtor in satisfaction of the Claim, together with voting and other rights and benefits arising from, under or relating to any of the foregoing. The Claim is based on amounts owed to Assignor by Debtor as set forth below and this assignment shall be deemed an absolute and unconditional assignment of the Claim for the purpose of collection and shall not be deemed to create a security interest. For the avoidance of doubt, the Claim shall include, without limitation, any and all cure claims, reclamation claims and administrative priority claims that may arise out of the same underlying contracts or facts and circumstances that give rise to the Claim. The Purchase Price shall be paid by Assignee within ten (10) business days of the execution of this Agreement by Assignor. If the Purchase Price is not timely paid hereunder, this Assignment of Claim shall be null and void and Assignee shall withdraw any Notice of Transfer of Claim filed with the Bankruptcy Court regarding the Claim.

The term "Proof of Claim" shall mean any and all proofs of claim that may be filed in respect of the Claim or any part thereof, whether formal or informal and whether previously or hereafter filed (including without limitation, that certain proof of claim number 435 in the amount of $ 30,369.76, which has been duly and timely filed in the Proceedings and which was allowed in the amount of $27,888.00 by Order of the Court entered on or about October 28, 2009, a true and correct copy of which Proof of Claim is annexed to this Assignment of Claim). For the avoidance of doubt, if the Proof of Claim amount differs from the Claim amount set forth above, Assignee shall nevertheless be deemed the owner of the entire Proof of Claim subject to the terms of this Agreement and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Court, but nothing herein shall be deemed to be a warranty or representation by Assignor that the Proof of Claim is allowable in any amount in excess of $27,888.00.

Assignor further represents and warrants that: the amount of the Claim is not less than **$27,888.00**; the Claim in that amount is valid and enforceable; no objection to the Claim exists; the Claim is listed in that amount on the Order entered by the Court on October 28, 2009 as such; no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Assignor; this Agreement has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Agreement; this Agreement constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; no payment or other distribution has been received by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claim; Assignor has not engaged in any acts, conduct or omissions that might result in Assignee receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment per dollar of claim than other unsecured creditors; the Claim is not subject to any factoring agreement; Assignor has not previously assigned, sold or pledged the Claim to any third party, in whole or in part; Assignor owns and has title to the Claim free of any and all liens, security interests or encumbrances of any kind or nature whatsoever; and it is not subject to any offset, defenses or subordination that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Claim or to impair its value. Assignor agrees to indemnify Assignee from all losses, damages and liabilities, including attorneys fees and expenses, which result from Assignor's breach of any representation, warranty or covenant set forth herein, or from any action, proceedings, objection or investigation relating to any attempt or threatened attempt to avoid, disallow, reduce, subordinate or otherwise impair the Claim or otherwise delay payments or distributions in respect of the Claim. Neither party hereto assumes or shall be responsible for any obligations or liabilities of the other party related to or in connection with this Assignment of Claim.

Assignor and Assignee are aware that the above Purchase Price may differ from the amount ultimately distributed in the Proceedings with respect to the Claim and that such amount may not be absolutely determined until entry of a final order confirming a plan of reorganization. Assignor and Assignee acknowledge that, except as set forth in this Assignment, neither Assignor, Assignee nor any agent or representative of Assignor or Assignee has made any representation whatsoever to the other regarding the status of the Proceedings, the condition of Debtor (financial or otherwise) or any other matter relating to the Proceedings, the Debtor or the Claim. Assignor and Assignee represent that they each have adequate information concerning the business and financial condition of Debtor and the status of the Proceedings to make an informed decision regarding the sale of the Claim and that it has independently and without reliance on the other, and based on such information as each has deemed appropriate (including information available from the files of the Court in the Proceedings), made its own analysis and decision to enter into this Assignment of Claim.

Assignor agrees to make to Assignee immediate proportional restitution and repayment of the above Purchase Price, together with interest at the rate of five percent (5%) per annum on the amount repaid for the date of payment to Assignor by Assignee through the date such repayment is made, to the extent that the Claim is disallowed, subordinated, objected to or otherwise impaired for any reason whatsoever in whole or in part (collectively, "Disallowance")

In the event the Claim is ultimately allowed in an amount in excess of the amount purchased herein, Assignor is hereby deemed to sell to Assignee, and Assignee hereby agrees to purchase, the balance of said Claim at the same percentage of claim paid herein not to exceed twice the Claim amount specified above. Assignee shall remit such payment to Assignor upon the allowance of the Claim in the higher amount and that neither the Claim nor distributions thereon is subject to any potential objection or reduction by the Debtor.

Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Claim herein assigned. Assignor grants unto Assignee full authority to do all things necessary to enforce the claim and its rights thereunder pursuant to this Assignment of Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such powers at Assignee's sole option. Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Proceedings. Assignor agrees to take such further action, at its own expense, as may be necessary or desirable to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee including, without limitation, the execution of appropriate transfer powers, corporate resolutions and consents. Notwithstanding the foregoing powers, and as a condition precedent to any obligation by Assignor to pay Assignee any amounts upon Disallowance, in the event of any challenge to the amount, validity, priority, or extent of the Claim, including but not limited to an objection to the Claim (collectively, an "Objection"), Assignee shall forward to Assignor the documentation reflecting such Objection, including, but not limited to all notices and pleadings so that it is received by Assignor within ten (10) days of the actual receipt by Assignee of the notice of Objection. Assignee grants to Assignor limited power of attorney to act in Assignee's name, place, and stead so that the Assignor may take any affirmative action with respect to proving the validity or amount of the Claims as may be required in the Case, and Assignee agrees to assist in such actions as reasonably requested by Assignor. Neither Assignee nor Assignor shall have any liability or obligation to the other for their respective costs and/or expenses associated with proving the validity or amount of the Claim, which Assignor and Assignee each to bear their own costs and expenses associated therewith, including, but not limited to, their respective attorneys' fees.

Assignor agrees to forward to Assignee all notices received from Debtor, the Court or any third party with respect to the Claim assigned herein and to vote the Claim, and to take such other action with respect to the Claim in the Proceedings, as Assignee may from time to time request. Assignor further agrees that any distribution received by Assignor on account of the Claim, whether in the form of cash, securities, instrument or any other property, shall constitute property of Assignee to which Assignee has an absolute right, and that Assignor will hold such property in trust and will, at its own expense, promptly (but not later than 5 business days after receipt thereof) deliver to Assignee any such property in the same form received, together with any endorsements or documents necessary to transfer such property to Assignee.

The terms of this Assignment of Claim shall be binding upon, and shall inure to the benefit of and be enforceable by Assignor, Assignee and their respective successors and assigns.

Assignor hereby acknowledges that Assignee may at any time reassign the Claim, together with all right, title and interest of Assignee in and to this Assignment of Claim. All representations, warranties, indemnities and agreements made herein shall survive the execution and delivery of this Assignment of Claim and any such re-assignment. This Assignment of Claim may be executed in counterparts and all such counterparts taken together shall be deemed to constitute a single agreement.

This Assignment of Claim shall be governed by and construed in accordance with the laws of the State of New York. Any action arising under or relating to this Assignment of Claim may be brought in any State or Federal court located in the State of New York, and Assignor consents to and confers personal jurisdiction over Assignor by such court or courts and agrees that service of process may be upon Assignor by mailing a copy of said process to Assignor at the address set forth in this Assignment of Claim by certified mail, return receipt requested, and in any action hereunder Assignor waives the right to demand a trial by jury.

### CONSENT AND WAIVER

Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment of Claim and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rules of Bankruptcy Procedure.

[SIGNATURES ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the undersigned **Assignor** hereunto sets its hand this  2nd  day of August, 2010.

ATTEST: Nexsen Pruet, PLLC

By: _____    336-387-5127
   Signature             Telephone #

Benjamin A. Kahn, Member    336-387-8920    bkahn@nexsenpruet.com
Print Name/Title               Fax #              E-mail
Nexsen Pruet, PLLC

IN WITNESS WHEREOF, the undersigned **Assignee** hereunto sets its hand this  3rd  day of August, 2010.

ATTEST:

By: _____
Matthew V. Binstock
Argo Partners
(212) 643-5446
Brandon Kaye

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District of New York

In re CIENA CAPITAL FUNDING, LLC      Case No. 08-13786

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. ___386___ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 8-6-10 (date).

| | |
|---|---|
| MARISCAL WEEKS MCINTYRE & FRIEDLANDER PA<br>Name of Transferor | CLAIMS RECOVERY GROUP LLC<br>Name of Transferee |
| Address of Alleged Transferor:<br>2901 N. CENTRAL AVENUE, STE 200<br>PHOENIX, AZ 85012 | Address of Transferee:<br>92 UNION AVENUE<br>CRESSVILLE, NJ 07626 |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within **twenty-one (21)** days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: 8-10-2010

Donlin, Recano & Company, Inc.
as Agent for the
United States Bankruptcy Court-SDNY

_____
CLERK OF THE COURT

# United States Bankruptcy Court

## For the Southern District of New York



#1563
8/6/10

In re Ciena Capital Funding Llc, F/k/a Blc Capital, LLC. , Case No. 08-13786

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).

Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Claims Recovery Group LLC | Mariscal Weeks Mcintyre & Friedlander Pa |
|---|---|
| Name of Transferee | NAME of Transferor |

Name and Address where notices to transferee should be sent:

Claims Recovery Group LLC
92 Union Ave
Cresskill, NJ 07626

Court Claim# (if known): 386

Amount of Claim:
Scheduled: $6,185.10
Proofs of Claim: $6,185.10
Date Claim Filed: 01/21/2009

Phone: (201) 266-6988
Last Four Digits of Acct#:_____

Phone:
Last Four Digits of Acct#:_____

Name and Address where Transferee payments should be sent (if different from above):
SAME AS ABOVE

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

DONLIN, RECANO & CO.

By:/s/ Allison R. Axenrod    Date: 08/06/2010

AUG 10 2010

Transferee/Transferee's Agent

CLAIMS PROCESSING DEPT

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court

## For the Southern District of New York

In re Ciena Capital Funding Llc, F/k/a Blc Capital, LLC. , Case No. 08-13786

# NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 386 (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 08/06/2010.

| Claims Recovery Group LLC | Mariscal Weeks Mcintyre & Friedlander Pa |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| 92 Union Avenue, Cresskill, NJ 07626 | 2901 N. Central Ave. Ste. 200 , , Phoenix , AZ 85012 |
| Address of Alleged Transferor | Address of Transferee |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

**CLERK OF THE COURT**

NOTICE OF TRANSFER AND WAIVER

Mariscal Weeks Mcintyre & Friedlander Pa ("Seller"), sells, transfers and assigns unto Claims Recovery Group LLC, with an address at 92 Union Avenue, Cresskill, NJ 07626, its successors and assigns ("Purchaser"), pursuant to the terms of a Claim Purchase Agreement between Seller and Purchaser (the "Agreement"), all of Seller's right, title and interest in, to and under Seller's Claim (as defined in the Agreement) against Ciena Capital Funding Llc, F/k/a Blx Capital, Llc or any of its co-debtor subsidiaries or affiliates (the "Debtor"), in the aggregate amount of $6,185.10, representing all claims of Seller pending against Debtor in the United States Bankruptcy Court, for the Southern District of New York, jointly administered as Case No. 08-13783.

Seller hereby waives its right to raise any objection and/or receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedures and stipulates that an order may be entered recognizing the Agreement as an unconditional sale and the Purchaser as the valid owner of the Claim.

IN WITNESS WHEREOF, Seller has signed below as of 08/05/2010.

By: /s/ Willaim Novotny
    Signature

    Willaim Novotny
    Print Name/Title
    Mariscal Weeks Mcintyre & Friedlander Pa

IN WITNESS WHEREOF, Purchaser has signed below as of Friday, August 06, 2010.

By: /s/ Robert Axenrod
    Robert M. Axenrod, Claims Recovery Group LLC

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District of New York

In re CIENA CAPITAL LLC, ET AL	Case No. 08-13783

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. ___336___ (if known) was filed or deemed filed under 11 U.S.C. §1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 8-6-10 (date).

FOSTER PEPPER LLP
Name of Transferor

CLAIMS RECOVERY GROUP LLC
Name of Transferee

Address of Alleged Transferor:
601 SW SECOND AVENUE, STE 1800
PORTLAND, OR 97204-3171

Address of Transferee:
92 UNION AVENUE
CRESSVILLE, NJ 07626

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within **twenty-one (21)** days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Donlin, Recano & Company, Inc.
as Agent for the
United States Bankruptcy Court-SDNY

Date: 8-10-10

CLERK OF THE COURT

United States Bankruptcy Court

For the Southern District of New York

#1564
8-6.10

In re Ciena Capital Llc, Et Al., Case No. 08-13783

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).

Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

<u>Claims Recovery Group LLC</u>
Name of Transferee

Name and Address where notices to transferee should be sent:

Claims Recovery Group LLC
92 Union Ave
Cresskill, NJ 07626

Phone: (201) 266-6988
Last Four Digits of Acct#:_____

Name and Address where Transferee payments should be sent (if different from above):
SAME AS ABOVE

<u>Foster Pepper Llp</u>
NAME of Transferor

Court Claim# (if known):    336

Amt Allowed:      $33,950.28
Scheduled:        $30,754.57
Proofs of Claim:  $40,045.67
Date Claim Filed: 01/20/2009

Phone:
Last Four Digits of Acct#:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**DONLIN, RECANO & CO.**

By: /s/ Allison R. Axenrod    Date: 08/06/2010

**AUG 10 2010**

Transferee/Transferee's Agent

**CLAIMS PROCESSING DEPT**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court

## For the Southern District of New York

In re Ciena Capital Llc, Et Al., Case No. 08-13783

# NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 336 (if known) was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on 08/06/2010.

| Claims Recovery Group LLC | Foster Pepper Llp |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| 92 Union Avenue, Cresskill, NJ 07626 | 601 Sw Second Ave Suite 1800, , Portland, OR 97204-3171 |
| Address of Alleged Transferor | Address of Transferee |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

**CLERK OF THE COURT**

# NOTICE OF TRANSFER AND WAIVER

Foster Pepper Llp ("Seller"), sells, transfers and assigns unto Claims Recovery Group LLC, with an address at 92 Union Avenue, Cresskill, NJ 07626, its successors and assigns ("Purchaser"), pursuant to the terms of a Claim Purchase Agreement between Seller and Purchaser (the "Agreement"), all of Seller's right, title and interest in, to and under Seller's Claim (as defined in the Agreement) against Ciena Capital Llc, F/k/a Business Loan Express or any of its co-debtor subsidiaries or affiliates (the "Debtor"), in the aggregate amount of $30,754.57, representing all claims of Seller pending against Debtor in the United States Bankruptcy Court, for the Southern District of New York, jointly administered as Case No. 08-13783.

Seller hereby waives its right to raise any objection and/or receive notice pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedures and stipulates that an order may be entered recognizing the Agreement as an unconditional sale and the Purchaser as the valid owner of the Claim.

IN WITNESS WHEREOF, Seller has signed below as of 07/30/2010.

By: /s/ Michael Silvey
    Signature

    Michael Silvey
    Print Name/Title
    Foster Pepper Llp

IN WITNESS WHEREOF, Purchaser has signed below as of Friday, August 06, 2010.

By: /s/ Robert Axenrod
    Robert M. Axenrod, Claims Recovery Group LLC